IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KCAS, LLC, a Wyoming Limited Liability Company;<br><br>Plaintiff,<br><br>vs.<br><br>NASH FINCH COMPANY, a Delaware Limited Liability Company;<br><br>Defendant. | 8:17CV439<br><br>ORDER |

This matter comes before the Court on the Motion for Trial at North Platte, Nebraska (Filing No. 8) filed by the Plaintiff, KCAS, LLC. Defendant, Nash Finch Company,[1] opposes the motion.

## BACKGROUND

Plaintiff, a Wyoming limited liability company, commenced this action in state court in Scotts Bluff County, Nebraska, on October 12, 2017. (Filing No. 1-1). Plaintiff alleges that the Defendant, a Delaware limited liability company, breached an agreement to sublease to Plaintiff a convenience store located in in Scottsbluff, Nebraska, and also breached an asset purchase agreement to sell the inventory, equipment, and assets of the convenience store to Plaintiff.

On November 14, 2017, Defendant removed the action to this court and requested that the place of trial be set in Omaha, Nebraska. (Filing No. 1). See NECivR 40.1(b)(Effective December 1, 2016)("[T]he removing party at the time of filing a petition for removal[] must request in writing trial in Omaha, Lincoln, or North Platte."). On November 30, 2017, Plaintiff filed the instant motion requesting that the trial be set in North Platte, Nebraska.

## ANALYSIS

The Civil Rules of the United States District Court for the District of Nebraska effective December 1, 2016, provide, in relevant part, "[T]he plaintiff in a removed action, within 14 days after service of the notice of removal, may file a written request for trial at Omaha, Lincoln, or

---

[1] Nash Finch Company states it was improperly named in the Complaint as "Nash-Finch Co." (Filing No. 2).

North Platte." NECivR 40.1(b). "A request for a place different from that requested by the . . . removing party must be filed as a motion." *Id.* Although the local rule is not entirely clear, it does not preclude the court's consideration of a motion to change the place of trial filed more than fourteen days after removal. In fact, this court frequently denies as premature motions to change the place of trial filed early in a case. See, e.g., *Addison Insurance Company v. The Pink Palace, LLC, et al*, Case No. 8:17cv371 at ECF Filing No. 17 (D. Neb. September 21, 2016)(denying as premature defendant's motion filed the same date as the answer); *Eckhardt v. Five Star Quality Care-NE, LLC*, Case. No. 8:16cv533 at ECF Filing No. 10 (D. Neb. December 22, 2016)(denying as premature motion filed 14 days after removal); *Doe v. Schools District No. 32 et al*, Case No. 4:17cv5010 at ECF Filing No. 17 (D. Neb. December 26, 2017)(denying motion "without prejudice to reassertion following the completion of some discovery"). The fact that the Plaintiff filed the instant motion sixteen days after removal does not require its denial.

In deciding the place of trial, "a judge considers the convenience of the litigants, witnesses, and attorneys." NECivR 40.1(b)(1). The party seeking to change the place of trial within this district bears the burden of establishing that the transfer should be granted. See NECivR 40.1(b). The place of trial should not be disturbed "unless the movant makes a clear showing that the balance of interests weighs in favor of the movant." *Pals v. Weekly*, No. 8:17CV27, 2017 WL 1906609, at *1 (D. Neb. May 8, 2017). "A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other." *Id.*

According to Plaintiff's affidavit filed in support of its motion, Plaintiff KCAS operates convenience stores in the Nebraska panhandle, including in Scottsbluff, Nebraska, and the owner of Plaintiff KCAS is a resident of Scotts Bluff County, Nebraska. The two contracts allegedly breached by Defendant pertain to a lease and property located in Scottsbluff, and any of Plaintiff's necessary witnesses, such as the individuals with whom Defendant contracted, are from Scotts Bluff County. Requiring those witnesses to travel to Omaha for trial will result in inconvenience, loss of productivity, increased expense, and risk of their unavailability at trial. Plaintiff believes any potential expert witness(es) will need to be familiar with Scottsbluff and its business market and will therefore be from Scotts Bluff County. Additionally, Plaintiff's counsel is from Scottsbluff, Nebraska. (Filing No. 10-1).

Defendant opposes moving the trial to North Platte. Three of Defendant's named witnesses expected to testify will be traveling from Minneapolis, Minnesota. Defendant states

2

that witnesses traveling from Minnesota can only get to North Platte by flying to Omaha or Denver, then driving the rest of the distance, which unfairly shifts the inconvenience onto them.[2] Additionally, at this time, Defendant expects any trial experts to come from the Omaha or Lincoln area. Finally, Defense counsel is located in Omaha. (Filing No. 13-1).

Having considered the convenience of the litigants, witnesses and counsel, the court finds that the place of trial should be moved to North Platte. According to Plaintiff's Complaint, the actions and subject matter underlying Plaintiff's claims occurred in Scotts Bluff County, Nebraska. The owner of Plaintiff KCAS is a resident of Scotts Bluff County, and is represented by counsel located in Scottsbluff, Nebraska. Plaintiff originally filed this case in Scotts Bluff County. Although Plaintiff has not named specific witnesses it intends to call, it avers that potential witnesses, including individuals with whom Defendant contracted, are from Scotts Bluff County. North Platte is significantly closer to Scotts Bluff County than is Omaha. More importantly, there is no showing that this case has any connection at all to Omaha, other than defense counsel is located in Omaha. This does not justify holding trial in Omaha, particularly because "the convenience of counsel is afforded less weight than the convenience of the parties and witnesses when deciding a motion to change the trial location." *Shaddick v. W. Heritage Credit Union*, 2016 WL 308792, at *1 (D. Neb. Jan. 25, 2016). After reviewing the materials submitted by the parties at this time, the court finds that, upon consideration of all factors pursuant to NECivR 40.1(b)(2), the place of trial should be North Platte, Nebraska. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Trial at North Platte, Nebraska (Filing No. 8) is granted. The Clerk of Court shall amend the docket sheet to reflect the place of trial is North Platte, Nebraska.
2. The Clerk of Court shall amend the caption of this case to reflect Defendant's proper name of "Nash Finch Company."

---

[2] The Court notes that there is also an airport located in Lincoln, Nebraska, which Defendant may consider for travel to North Platte.

Dated this 3rd day of January, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge